UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**Charles D. Utsey,**

         **Plaintiff,**

     **-v-**              **1:08-CV-1140**

**Officer Jon Murphy; Menands Village Police Dept;
ADA Reneé Merges; and David Soares, Albany County
Dis. Atty. Office,**

         **Defendants.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

Charles D. Utsey
Plaintiff, *pro se*

Rehfuss, Liguori & Associates, PC
Stephen J. Rehfuss, Esq., of counsel
40 British American Blvd.
Latham, New York 12110
Attorneys for Defendants Officer Jon Murphy and Menands Village Police Dept

Office of Robert P. Roche
Robert P. Roche, Esq., of counsel
36 South Pearl Street
Albany, New York 12207
Attorney for Defendants ADA Reneé Merges and David Soares, Albany County
Dis. Atty. Office

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Presently before the Court are motions (Dkt. Nos. 18, 27) by all defendants to dismiss the complaint in this *pro se* action under 42 U.S.C. § 1983 ("section 1983"). Plaintiff Charles D. Utsey ("Utsey") has not submitted opposition to the motions. As explained below, the claim against Menands Village Police Dept. is deemed to be a claim against the Village of Menands; the motion to dismiss (Dkt. No. 18) by defendants Officer Jon Murphy and Menands Village Police

Dept. is granted with respect to any claim for assault under New York State law, and is otherwise denied; and the motion to dismiss (Dkt. No. 27) by defendants ADA Reneé Merges and David Soares, Albany County Dis. Atty. Office, is granted.

## II.     BACKGROUND

This action stems from an incident occurring on September 27, 2006, when defendant Officer Jon Murphy ("Officer Murphy") of the Menands Village Police Department ("Police Department") arrested Utsey and filed criminal charges against him for operating a vehicle without insurance, operating a vehicle while the registration was suspended, aggravated unlicensed operation of a vehicle, and resisting arrest. The accusatory instrument charging resisting arrest, signed by Murphy, states:

> The above named defendant [Utsey] was stopped for having a suspended license and driving a vehicle with a suspended registration. The writer gave [Utsey] instructions as to putting his hands behind his back and [Utsey] did not. [Utsey] kept reaching to put his phone away. [Utsey] was placed in handcuffs and the writer started searching [Utsey]. While the writer was searching [Utsey] he kept trying to pull away from the writer and wouldn't let the writer search him.

Defendant Reneé Merges, Esq. ("ADA Merges"), an Assistant District Attorney in the office of defendant David Soares, Esq. ("DA Soares"), Albany County Albany County District Attorney, prosecuted the charges. Ultimately, the charges were dismissed in the interests of justice.

In his complaint, Utsey alleges that on September 27, 2006, Officer Murphy violated his Fourth Amendment rights by conducting a search and seizure without probable cause; that on the same date Officer Murphy assaulted him during an illegal arrest; and that the Police Department failed to train and supervise Officer Murphy properly. The complaint further avers that ADA Merges prosecuted the case against Utsey; that the case was ultimately dismissed; that ADA

Merges violated his Fourteenth Amendment rights to due process; that ADA Merges made a false statement in court regarding her conversation with Utsey's probation officer; and that ADA Merges improperly sought to have Utsey serve jail time for the charges.

### III. APPLICABLE LAW

Section 1983 allows an action at law against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Defendants move to dismiss on the ground that the complaint fails to state a cause of action. *See* Fed. R. Civ. P. 12(b)(6). To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See id*. A complaint should be "especially liberally construed when it is submitted *pro se* and alleges civil rights violations." *Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)). The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### IV. DEFENDANTS OFFICER MURPHY AND THE POLICE DEPARTMENT

Defendants Officer Murphy and the Police Department move (Dkt. No. 18) to dismiss the complaint on a number of grounds. As set forth below, the motion is denied.

**A.  Police Department**

Under New York law, a village police department is considered an administrative arm of the village, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued. *See Warner v. Village of Goshen Police Dep't*, 256 F.Supp.2d 171, 175-76 (S.D.N.Y. 2003). The Court deems Utsey's claim that the Police Department failed properly to train and supervise Officer Murphy to be a claim against the Village of Menands. It appears that Stephen J. Rehfuss, Esq., who represents the Police Department, also represents the Village of Menands and that there is no obstacle to permitting the case to proceed without the necessity of amending the complaint and serving the Village. The allegation that the municipality failed properly to train and supervise Officer Murphy is, under the circumstances of this case, sufficient to withstand Rule 12(b)(6) dismissal. *See generally City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Thus, dismissal as against the Police Department is denied.

**B.     Unreasonable search and seizure**

Defendants move to dismiss Utsey's section 1983 cause of action based on the allegation that, in connection with the arrest, Officer Murphy conducted a search and seizure of Utsey's person without probable cause in violation of the Fourth Amendment. Defendants argue that, as a matter of law, the arrest and search were reasonable. They further contend that Officer Murphy is entitled to qualified immunity. In support of these arguments, defendants submit the incident report, arrest report, Vehicle and Traffic Law charges, and resisting arrest complaint prepared by Officer Murphy, as well as Utsey's testimony at his hearing under N.Y. Gen Mun. Law § 50-h. The Court cannot properly consider these documents on this Rule 12(b)(6) motion, which is primarily addressed to the sufficiency of the facts alleged on the face of the complaint. *See*

*generally Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46-48 (2d Cir. 1991). This evidence is not part of the complaint, an exhibit to the complaint, a document incorporated by reference, or a document that is integral to Utsey's claims, nor is there any other ground upon which the Court may properly consider it on this motion. *See id.* Such evidence may be submitted on a summary judgment motion made after an opportunity for discovery.

Defendants also move to dismiss Utsey's search and seizure claim on the ground that "Utsey has already litigated the unreasonable search and seizure cause of action as a part of the underlying criminal action." In making this argument, defendants rely on the decision issued on May 11, 2007, by Hon. Peter F. Stuto, Acting Village Justice for Menands, New York, denying Utsey's motion to dismiss the criminal charges against him. Judge Stuto stated:

> The Court denies [defendant Utsey's] motion to dismiss on the basis that the seizure of [Utsey's] person on the date of the commencement of this matter was in violation of his rights under the Constitution of New York State and the Constitution of the United States to be secure in his person against unreasonable seizure. The Court can find no factual basis which would support [Utsey's] motion.

It appears probable that, on his motion before Judge Stuto, Utsey sought dismissal of the resisting arrest charge on the ground that he was arrested without probable cause. *See People v. Jensen*, 86 N.Y.2d 248, 253 (1995) ("A person may not be convicted of Resisting Arrest ... unless his or her arrest was authorized, *i.e.*, based upon probable cause."). Therefore, Judge Stuto's ruling is likely based on a finding that Officer Murphy had probable cause to arrest Utsey. The Court reads defendants' argument as a request that the Court accord collateral estoppel effect to this finding and dismiss Utsey's search and seizure claim. In the absence of the record in the Village Court action, however, the Court cannot determine whether the issue in the instant action is the same as the issue previously decided by Judge Stuto or whether Judge Stuto's finding is entitled to

preclusive effect herein.  The Court notes that collateral estoppel effect is not automatically given to findings in local criminal courts.  *See, e.g., Gilberg v. Barbieri*, 53 N.Y.2d 285, 292-94 (1981); *Vreeland v. Zoning Bd. of Appeals*, 572 N.Y.S.2d 808, 809 (3d Dep't 1991).  Dismissal of the search and seizure claim is denied.

### B. Assault; excessive force

Defendants move to dismiss the assault claim on the ground that it is barred by New York's one-year limitations period for assault.  *See* N.Y.C.P.L.R. 215(3).  The alleged assault occurred at the time of the September 27, 2006 arrest; Utsey commenced the instant action on October 23, 2008.  Thus, any state law claim for assault is time-barred by New York's one-year limitations period.  On a fair reading, however, Utsey's complaint also asserts a section 1983 claim alleging that excessive force was used in the course of his arrest in violation of the Fourth Amendment.  This claim, which accrued on the date of arrest, is subject to the three-year limitations period applicable to section 1983 claims, *see Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997), and thus is not time-barred.  Construing this *pro se* complaint liberally, the Court finds that it states a section 1983 claim for excessive force during the arrest sufficient to withstand Rule 12(b)(6) dismissal.  Accordingly, to the extent that the complaint states a state law assault cause of action it is dismissed.  Dismissal is otherwise denied.

## V. DEFENDANTS ADA MERGES AND SOARES

Defendants ADA Merges and DA Soares move (Dkt. No. 27) to dismiss all claims against them on the ground of prosecutorial immunity.  Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution and performing conduct "intimately associated with the judicial phase of the criminal process" are entitled to absolute immunity from section

1983 damages claims. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation[.]" *Barrett v. United States*, 798 F.2d 565, 571-572 (2d Cir.1986). Utsey alleges that ADA Merges prosecuted the case against him; that the case was ultimately dismissed; that she denied him due process; that she made a false statement in court regarding her conversation with his probation officer; and that she improperly sought to have Utsey serve jail time for the charges. Clearly, all of the alleged conduct is closely associated with the judicial phase of the criminal process and falls well within ADA Merges' prosecutorial jurisdiction. *See Shmueli v. City of N.Y.*, 424 F.3d 231, 236-37 (2d Cir. 2005). Thus, all claims against ADA Merges are dismissed on the ground of prosecutorial immunity.

To the extent that the complaint may be read to assert a direct claim against DA Soares, it is likewise dismissed on the ground of prosecutorial immunity. Any claim against DA Soares based on ADA Merges' conduct also fails, because, as stated, ADA Merges clearly acted within her prosecutorial jurisdiction; in any event, the complaint states no ground for imposing supervisory liability. And if the claim against DA Soares is deemed to be a claim against the County of Albany, it must be dismissed for lack of substantive merit as well as failure to allege any ground for municipal liability. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-92 (1978).

A court should not dismiss a complaint without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, however, the problem with

Utsey's claims against ADA Merges and DA Soares is substantive and there is no indication that a valid claim might be stated. Repleading would be futile; thus, these claims are dismissed without leave to amend. *See id.*

### VI.    CONCLUSION

It is therefore

ORDERED that the claim against Menands Village Police Dept. is deemed to be a claim against the Village of Menands; and it is further

ORDERED that the motion to dismiss (Dkt. No. 18) by defendants Officer Jon Murphy and Menands Village Police Dept. is granted with respect to any claim for assault under New York State law, and is otherwise denied; and it is further

ORDERED that the motion to dismiss (Dkt. No. 27) by defendants ADA Reneé Merges and David Soares, Albany County Dis. Atty. Office is granted and all claims against them are dismissed; and it is further

ORDERED that this case is referred to Magistrate Treece to hold a Rule 16 Conference.

IT IS SO ORDERED.

January 13, 2010

Norman A. Mordue
Chief United States District Court Judge