UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**Charles D. Utsey,**

                         **Plaintiff,**

                -v-                                    1:08-CV-1140 (NAM/RFT)

**Officer Jon Murphy; Menands Village Police Dept;
ADA Reneé Merges; and David Soares, Albany County
Dis. Atty. Office,**

                        **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Charles D. Utsey
Plaintiff, *pro se*

Rehfuss, Liguori & Associates, PC
Stephen J. Rehfuss, Esq., of counsel
40 British American Blvd.
Latham, New York 12110
Attorneys for Defendants Officer Jon Murphy
and Menands Village Police Department

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

In this *pro se* action under 42 U.S.C. § 1983 ("section 1983"), the two remaining defendants, Officer Jon Murphy ("Officer Murphy") and Village of Menands ("Village"), move (Dkt. No. 49) for partial summary judgment. Plaintiff submits no opposition. As explained below, the motion is granted in part and denied in part.

### BACKGROUND

This action stems from an incident occurring on September 27, 2006, when Officer

Murphy of the Menands Village Police Department arrested plaintiff Charles D. Utsey ("Utsey") and charged him with operating a vehicle without insurance, operating a vehicle while the registration was suspended, aggravated unlicensed operation of a vehicle, and resisting arrest. The accusatory instrument charging resisting arrest, signed by Officer Murphy, states:

> The above named defendant [Utsey] was stopped for having a suspended license and driving a vehicle with a suspended registration. The writer gave [Utsey] instructions as to putting his hands behind his back and [Utsey] did not. [Utsey] kept reaching to put his phone away. [Utsey] was placed in handcuffs and the writer started searching [Utsey]. While the writer was searching [Utsey] he kept trying to pull away from the writer and wouldn't let the writer search him.

The Albany County District Attorney prosecuted the charges. On September 30, 2008, Menands Village Court Justice David C. Rowley dismissed the case on speedy trial grounds.

Utsey brought this *pro se* action under 42 U.S.C. § 1983 asserting Fourth Amendment violations, assault, and illegal arrest claims against Officer Murphy; a claim for failure to train and supervise against the Menands Village Police Department; and deprivation of due process and related claims against the District Attorney and Assistant District Attorney. On January 13, 2010, the Court issued a Memorandum-Decision and Order (Dkt. No. 32) deeming Utsey's claim against the Menands Village Police Department to be a claim against the Village[1]; dismissed any claim for assault under New York State law as time-barred; construed the assault allegations as stating a section 1983 claim that Officer Murphy used excessive force during the arrest; and dismissed all claims against the Assistant District Attorney and District Attorney. The remaining claims were that Officer Murphy violated Utsey's Fourth Amendment rights in connection with

---

[1] Under New York law, a village police department is considered an administrative arm of the village, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued. *See Warner v. Village of Goshen Police Dep't*, 256 F.Supp.2d 171, 175-76 (S.D.N.Y. 2003).

the traffic stop, arrest, and search; that Officer Murphy used excessive force in arresting Utsey; and that the Village failed properly to train and supervise Officer Murphy.

## DISCUSSION

**Applicable Law**

Summary judgment is appropriate only when there is no genuine issue with regard to any material fact and the moving party is entitled to judgment as a matter of law. Stated otherwise, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). When deciding a summary judgment motion, the court must "resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999). Where, as here, the nonmovant is proceeding *pro se*, the court must read that party's papers liberally and interpret them "to raise the strongest arguments that they suggest." *Id.* (citation omitted).

**The Village's Motion**

The Village contends that Utsey has failed to set forth a cognizable cause of action for municipal liability. It has long been the law that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a governments policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Servs*., 436 U.S. 658, 694 (1978); *accord Session v. Rodriguez*, 370 Fed.Appx. 189, 192 (2d Cir. 2010). Municipal liability may be premised on a failure to train employees when the inadequate training or supervision "reflects

deliberate indifference to ... constitutional rights[.]" *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). "'Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*.'" *Henderson v. Town of Greenwich*, 317 Fed.Appx. 46, 47 (2d Cir. 2009) (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)).

As movants point out, Utsey submits no evidence that any official policy or custom exists or that other similar events have occurred. There is no support in the record for a finding that Officer Murphy's actions arose from any Village policy or custom or were caused by any training or supervision or lack thereof. In response to defendants' interrogatory regarding the factual basis for his claim of municipal liability, Utsey states: "Defendant is an agent for the Village of Menands so the Village is just as much responsible as the defendant." Under *Monell*, as a matter of law this assertion fails to support a claim against the Village.

Construing the evidence in the light most favorable to Utsey and affording him the lenience due to a *pro se* litigant, the Court holds that no rational jury could find municipal liability. This claim is dismissed.

**Officer Murphy's Motion**

Officer Murphy moves for summary judgment dismissing Utsey's Fourth Amendment claims on the ground that he had probable cause for the arrest and the pat-down search incident thereto. Defendants' version of events is as follows:

> On September 27, 2007, at approximately 5:00 p.m., plaintiff was driving on Broadway in the Village of Menands when Officer Murphy pulled him over in the Burger King parking lot for aggravated unlicensed operation of a motor vehicle, operation of a motor vehicle with the registration suspended, and operation of a motor vehicle without insurance. Plaintiff admits that he did not have a valid New York State driver's license, there was no insurance on the vehicle he was driving and that the vehicle was unregistered at the time of his arrest. The plaintiff also admitted to repeatedly reaching toward his

-4-

> pockets, despite instructions from Officer Murphy not to do so. Once in handcuffs, the plaintiff repeatedly attempted to pull away from Officer Murphy so as to prevent the search of his person.
>
> Based on these actions, plaintiff was arrested and charged with aggravated unlicensed operation of a motor vehicle (VTL §511(1)(A)), operation of a motor vehicle with the registration suspended (VTL §512), operation of a motor vehicle without insurance (VTL §319(1)), and resisting arrest (Penal Law §205.30). All charges are misdemeanors, punishable by incarceration.
> ***
> In the instant action, plaintiff was stopped and arrested with probable cause based upon a routine traffic stop, which uncovered that he was driving a vehicle without insurance (VTL §319(1)), with the registration suspended (VTL §512), and without a valid license (VTL §511(1)(A)). All three of these charges are misdemeanors punishable by incarceration. Plaintiff has admitted at both his hearing pursuant to General Municipal Law §50-h and at deposition that, on September 26, 2006, he was driving his wife's vehicle, which had no
> insurance and a suspended registration. He further admitted that he did not have a valid New York State driver's license at the time. Plaintiff was also charged with resisting arrest (Penal Law §205.30). This charge was a result of his admitted reaching into his pockets, despite instructions by Officer Murphy not to do so, and the ensuing struggle.

(Citations to record omitted.)

Utsey's version of the facts, drawn from his testimony at the General Municipal Law 50-h hearing and his deposition, are that on September 27, 2006, at approximately 5:00 p.m., Utsey was driving his wife's vehicle in Menands; that Officer Murphy followed him into the Burger King parking lot; that Officer Murphy approached the window of Utsey's vehicle and requested his license, registration, and insurance card; that Utsey produced his license and registration; that Officer Murphy immediately directed Utsey to exit the vehicle; that Utsey did so; that Utsey's cell phone rang; that Utsey pulled out the cell phone, which was in a "holster" carried on his person, and held it in his hand; that Officer Murphy instructed him not to reach for anything; and that Officer Murphy "rushed" him, pushed him down on the car, and handcuffed him. Utsey

acknowledges that as of September 27, 2006, his driver's license and the vehicle registration were suspended and the insurance coverage on the vehicle had lapsed, but he states that he did not know this until after his arrest. In his answers to defendants' interrogatories, Utsey claims that Officer Murphy did not have "probable cause" for stopping the vehicle.

The Court reads Utsey's submissions as including a claim that the traffic stop itself was illegal. A traffic stop is a limited seizure within the meaning of the Fourth Amendment and "must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." *United States v. Scopo*, 19 F.3d 777, 781 (2d Cir.1994). Thus, "a traffic stop based on a reasonable suspicion of a traffic violation comports with the Fourth Amendment." *United States v. Stewart*, 551 F.3d 187, 191 (2d Cir. 2009). There is no decisive record evidence as to why Officer Murphy stopped Utsey's vehicle, or at what point he learned that the driver's license, registration, and insurance were invalid. Therefore, Officer Murphy is not entitled to summary judgment dismissing Utsey's Fourth Amendment claim that he was subjected to an illegal traffic stop.[2]

Even if the traffic stop was improper, however, it does not follow that the subsequent arrest was improper. The "fruit of the poisonous tree" doctrine may not be invoked to support a section 1983 civil action, because the doctrine "is an evidentiary rule that operates in the context of criminal procedure ... and as such has generally been held to apply only in criminal trials." *Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999) (citations and internal quotation

---

[2] Utsey does not appear to claim any damages stemming directly from the traffic stop alone; rather, he seems to rely on the fruit of the poisonous tree doctrine. The stop alone, even if unconstitutional, would at most support minimal or nominal damages. *See, e.g., Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999). Nevertheless, on this record, the Court cannot grant summary judgment dismissing the claim.

marks omitted). Once Officer Murphy learned that the driver's license, registration, and insurance were invalid, he had probable cause to arrest Utsey and conduct a pat-down search incident to the arrest. *See Scopo*, 19 F.3d at 781-82; *Lawrence v. City Cadillac*, 2010 WL 5174209, *3 (S.D.N.Y. Dec. 9, 2010). Utsey acknowledges that at some point before the incident involving the cell phone, Officer Murphy learned about the lapsed driver's license, registration and insurance; thus, by the time the cell phone incident occurred, Utsey was properly under arrest. Whether or not the force used by Officer Murphy in connection with the cell phone incident was excessive cannot be resolved on this motion, as Officer Murphy tacitly acknowledges by not moving for summary judgment dismissing the excessive force claim.

Officer Murphy has not established his entitledment to qualified immunity. Accordingly, summary judgment is granted dismissing all claims against Officer Murphy except the Fourth Amendment claim based on the traffic stop and the claim of excessive force.

## CONCLUSION

It is therefore

ORDERED that the motion for partial summary judgment (Dkt. No. 49) is granted in part and denied in part; and it is further

ORDERED that all claims against the Village of Menands are dismissed; and it is further

ORDERED that all claims against Officer Jon Murphy are dismissed except the excessive force claim and the claim that the stop of plaintiff's vehicle violated the Fourth Amendment; and it is further

ORDERED that this case is Deemed Trial Ready. Parties are directed to file a status report on or before August 29, 2011, as to the estimated length of trial and any outstanding issues.

A trial date will be set by the undersigned upon the filing of the status report.

    IT IS SO ORDERED.

Date:  August 9, 2011
         Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge